# UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT

| | |
|---|---|
| In re: | BAP Appeal No. 25-002 |
| LORENZO LUCIANO LOPEZ, | Bankr. No. 24-26705 |
| Debtor. | Chapter 13 |
| | **BRIEF OF APPELLEE AUNTIE TUT TRUST** |

Jeremy C. Sink (Utah Bar No. 9916)
Alyssa K. Nielsen (18066)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 239-3157
E-mail: jsink@kmclaw.com
*Attorneys for Auntie Tut Trust*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 4

PROCEDURAL POSTURE .......................................................................................... 4

STATEMENT OF ISSUES AND STANDARD OF REVIEW ......................................... 10

STATEMENT OF CASE. ..................................................... **Error! Bookmark not defined.**

SUMMARY OF THE ARGUMENT ................................................................................ 13

ARGUMENT

    A.    The bankruptcy court had jurisdiction over Auntie Tut Trust's motion for relief from the automatic stay and request for in rem relief, even with the pending ex parte motion filed by the Debtor the day before Auntie Tut'e  hearing on its motion. ......................................................................................................... 14

    B.    Even if the bankruptcy court did not have jurisdiction to address Auntie Tut's relief from the stay motion, overturning the order is moot and should not be granted by this court. ......................................................................................... 15

CONCLUSION ........................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997)...................................................................................................... 16

*Honigman, Miller, Schwartz and Cohn, L.L.P. v. Adell (In re John Richards Homes Bldg. Co.*), 405 B.R. 192 (E.D. Mich. 2009) ........................................................................ 15

*In re C.W. Min. Co.*, 534 B.R. 800, 811 (D. Utah 2015)................................................. 12

*In re Egbert Dev. L.L.C.*, 219 B.R. 903, 905 (B.A.P. 10th Cir. 1998) ........................ 16, 17 15

*In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) ....................................................... 15

*In re Western Pac. Airlines*, 181 F.3d 1191, 1195 (10th Cir. 1999) ................................. 16

*Koger v. United States*, 755 F. 2d 1094 (4th Cir. 1985).................................................... 16

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ...................... 16

*Menk v. Lapaglia (In re Menk), 241 B.R. 896 904 (9th Cir. B.A.P. 1999)* ....................... 15

*Potts v. Center for Excellence in Higher Education, Inc.*, 908 F.3d 610, 613 (10th Cir. 2018) .......................................................................................................... 10, 11, 12

*Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991)...................................................... 14

*Trujilo v. Social Sec. Admin.*, 2013 WL 1009050 (D.N.M. 2013) ................................... 11

*United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1246 (10t Cir. 2017) ......................................................................................................... 10, 11, 12

*U.S. v. One Parcel*, 73 F.3d 1057, 1060 (10th Cir. 1996) ................................................. 11

Statutes

11 U.S.C. §362................................................................................................................ 14, 15

11 U.S.C. § 1307(b)........................................................................................................ 10, 11

28 U.S.C. § 1334 ............................................................................................................ 15, 17

Other Authorities

BAP Rule of Appellate Procedure 8014(5) ....................................................................... 10

**INTRODUCTION**

Although his bankruptcy case has been dismissed, without any attempt by Appellant Lorenzo Luciano Lopez ("Lopez") to comply with the Bankruptcy Code or present a chapter 13 plan, Mr. Lopez requests that this court undo an order granting relief from the automatic stay, questioning the bankruptcy court's jurisdiction. The bankruptcy court had jurisdiction over Auntie Tut Trust's motion for relief from the automatic stay and properly awarded in rem relief.

**PROCEDURAL POSTURE**

Lopez filed the Chapter 13 bankruptcy petition opening the above-captioned bankruptcy case on December 30, 2024. Appx p. 21. No statements or schedules were filed by Mr. Lopez in his bankruptcy case. See Appx. pgs. 2-21. On the petition, Mr. Lopez listed his primary residence as the property located at 13887 Lamont Lowell Cir., Herriman, UT 84096 (hereinafter "Herriman Property"). Appx. p. 24. Mr. Lopez' Chapter 13 bankruptcy was filed on the eve of a scheduled trustee's sale for the foreclosure of Auntie Tut Trust's Deed of Trust recorded against the Herriman Property. The filing of Mr. Lopez' bankruptcy was the third chapter 13 bankruptcy filing on the eve of Auntie Tut Trust's attempts to foreclose on their deed of trust against the Herriman Property.

Auntie Tut Trust entered into a Secured Promissory Note agreement with Johnathan Darger ("Darger") on July 1, 2013, for the principal amount of $320,000. Appx. p. 34. A Trust Deed securing the promissory note was recorded with the Salt Lake County Recorder's office as entry number 11676867 on July 2, 2013. Id. The Herriman

Property secured the Trust Deed. Id. The Herriman Property was placed in Darger's name via Warranty Deed, entry number 11676835 in the Salt Lake County Recorder's Office, on July 2, 2013. Id.

On August 22, 2013, Darger transferred the Herriman Property via Warranty Deed, entry number 11710288 in the Salt Lake County Recorder's Office, to Ultimate Estates, LLC. Appx. p. 35. Johnathan Darger lists himself on www.linkedin.com as the "executive manager" and "owner" of Ultimate Estates, LLC. The Utah Division of Corporations and Commercial Code shows that the Manager of Ultimate Estates, LLC is Ultimate Enterprise, LLC and that the address for Ultimate Enterprise, LLC is located at the Herriman Property. On October 10, 2018, Ultimate Estates, LLC, transferred the Herriman Property to Ultimate Enterprise, LLC via Warranty Deed, entry number 12865345, recorded in the Salt Lake County Recorder's Office, signed by John Darger on behalf of Ultimate Estates. Appx. p. 35.

Mr. Darger's payment history on the Promissory Note has been less than stellar. Only four payments have been made on the Promissory Note over the past five years: 1) a payment of $1,000 on 6/4/021; 2) a payment of $1,000 on 7/9/2021; 3) a payment of $500 on 11/15/2022 and 4) a payment of $500 on January 1, 2023. Appx. p. 35. Pursuant to the plain language of the promissory note, Mr. Darger was supposed to make monthly payments of $1,915.82. Id.

Auntie Tut Trust was first scheduled to foreclose the promissory note and deed of trust secured by the Herriman Property on January 30, 2024. Appx. at 36. However, Darger filed a chapter 13 case in the United States Bankruptcy Court for the District of

Utah, case number 24-20354, on January 29, 2024, to stop that sale. Id. Bankruptcy case 24-20354 was dismissed for among other things failure to comply with the Bankruptcy Code and failure to comply with an order from the Bankruptcy Court. See Docket entries 15 and 19 in case number 24-20354 in the United States Bankruptcy Court for the District of Utah. No Chapter 13 Plan was filed by Darger. Thus, the only "benefit" gained by the filing of this first bankruptcy case was stopping Auntie Tut Trust's foreclosure.

After the dismissal of this first chapter 13 bankruptcy case, Auntie Tut Trust again proceeded with attempts to foreclosure the Deed of Trust on the Herriman Property pursuant to Utah law. This second attempt was scheduled for a trustee's sale on June 5, 2024. Appx. at 36. However, Mr. Darger filed a second Chapter 13 bankruptcy case on June 4, 2024, case number 24-22721 in the United States Bankruptcy Court for the District of Utah, stopping the second scheduled foreclosure sale. Id. Similar to Darger's first bankruptcy case, Darger did not file statements and schedules with his second chapter 13 bankruptcy petition, did not file a plan and did not submit a mailing matrix listing any of his creditors. Id. The second bankruptcy case was dismissed. See dockets for cases 24-20354 and 24-22721 in the United States Bankruptcy Court for the District of Utah. Similar to the first bankruptcy case filed by Darger, the sole benefit for Mr. Darger in the second bankruptcy case was the termination of Auntie Tut's foreclosure on the Herriman Property.

After the dismissal of Darger's second bankruptcy case, Auntie Tut Trust attempted a third time to foreclose the deed of trust secured by the Herriman Property.

The sale was scheduled for December 31, 2024. Appx. 37, 38. For a third time, ATT's attempted foreclosure sale was stopped by a bankruptcy filing. On December 30, 2024, the Herriman Property was transferred to Ultimate Enterprise, LLC and Lorenzo Luciano Lopez, as tenants in Commons, via Quit Claim Deed, entry number 14330423, recorded in the Salt Lake County Recorder's Office. John Darger signed the December 30, 2024, quit claim deed transferring the Herriman Property to Ultimate Enterprise, LLC and Lorenzo Luciano Lopez. Appx. at 37-39.

Mr. Lopez then filed a chapter 13 bankruptcy case stopping the foreclosure sale. Mr. Lopez's bankruptcy petition was hand-delivered to the bankruptcy court by Darger. Appx. at 39 (See Docket Entry dated December 30, 2024, for case number 24-26705 in the United States Bankruptcy Court for the District of Utah). Mr. Darger is not an attorney and not authorized to practice law.

The Lorenzo Lopez bankruptcy was nothing more than a continuation of Darger's efforts to stop ATT's foreclosure against the Herriman Property. Counsel for ATT received notice of the bankruptcy filing from Mr. Lorenzo Lopez via email dated December 31, 2024, and received by Mr. Sink at 10:29 a.m. (30 minutes before the scheduled foreclosure sale). Appx. at 37, 38. As the notice of the bankruptcy filing was received only 30 minutes before the scheduled foreclosure sale, Mr. Sink attended the foreclosure sale to continue the sale date because of Lopez' bankruptcy filing. App. at 38. Mr. Darger and his wife were the only people at the trustee's sale. Id. Mr. Darger was aware of the email from Mr. Lopez to Mr. Sink, even though he was not copied on the email and provided Mr. Sink copies of the attachments on the email (notice of the

bankruptcy filing by Lopez and a copy of the deed transferring the property to Mr. Lopez). Appx. p. 38, 39.

Mr. Lopez was not at this foreclosure sale. At the foreclosure sale on December 31, 2024, Sink continued the sale date to January 24, 2025. Immediately following the continuation of the foreclosure sale, Auntie Tut Trust filed a motion with the United States Bankruptcy Court for the District of Utah requesting relief from the automatic stay so that the foreclosure could go forward, even if another bankruptcy case was filed, asserting that the Lopez bankruptcy was filed in bad faith. See Appx. pages 30-115.

On January 13, 2025, one day prior to the hearing on Auntie Tut Trust's request for relief from the automatic stay, Lopez filed an ex parte motion to dismiss the bankruptcy case. Appx. at 17.

Notwithstanding the filing of the motion to dismiss, Mr. Lopez did not appear at the January 14 hearing on ATT's motion for relief from stay. Appx. p. 16 and 17 (See January 14, 2025, minute entry for case number 24-26705). Mr. Darger did appear at the January 14 hearing on ATT's motion for relief from stay. Id.

The bankruptcy court granted ATT's motion for relief and an Order Granting Auntie Tut Trust's Motion for Relief from the Automatic Stay (granting in rem relief to foreclose on the property) was entered by the Judge Marker in the United States Bankruptcy Court for the District of Utah on January 14, 2025. Appx. 165-167.

Mr. Lopez's request for dismissal was granted following entrance of the Order Granting Auntie Tut Trust's Motion for Relief from the Automatic Stay. Appx. at 15.

The Bankruptcy Court found the Mr. Lopez' bankruptcy filing was "filed by Mr. Lopez in bad faith. And it's part of a scheme involving multiple bankruptcy filings to at least hinder or delay creditors, including Auntie Tut." Appx. 261.

The continued foreclosure sale was completed on January 24, 2024, and Auntie Tut Trust was the successful bidder. A copy of the Recorded Trustee's Deed is attached hereto as Exhibit P to Auntie Tut's Motion to Dismiss filed with this court on March 19, 2025. See docket entry no. 16.

The Debtor did not obtain a stay related to Auntie Tut's relief from the automatic stay and in rem relief order granted by the bankruptcy court. See Appx. 1-20.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

Appellant appears to raise eight issues in this case. Auntie Tut herein restates

those issues verbatim and states the standard of review as required by BAP Rule of

Appellate Procedure 8014(5).

1. Whether the bankruptcy court erred by failing to immediately grant
   Appellant's ex parte request for voluntary dismissal under 11 U.S.C. §
   1307(b).

**Standard of Review**: Review of a district court's interpretation of a statute is *de novo*.

*Potts v. Center for Excellence in Higher Education, Inc*., 908 F.3d 610, 613 (10th Cir.

2018). *See also United States ex rel. Little v. Triumph Gear Sys., Inc*., 870 F.3d 1242,

1246 (10t Cir. 2017).

2. Whether the bankruptcy court improperly treated Appellant's statutory right to
   dismissal as a motion requiring a hearing.

**Standard of Review**: Review of a district court's interpretation of a statute is *de novo*.

*Potts v. Center for Excellence in Higher Education, Inc*., 908 F.3d 610, 613 (10th Cir.

2018). *See also United States ex rel. Little v. Triumph Gear Sys., Inc*., 870 F.3d 1242,

1246 (10th Cir. 2017).

3. Whether the bankruptcy court erred in holding any hearing after the dismissal
   request was filed.

**Standard of Review**: Similar to the above two issues, this issue appears to be a question

as to how to interpret section 1307 of the Bankruptcy Code, and potentially other

Bankruptcy Code sections. Review of a district court's interpretation of a statute is *de*

*novo*. *Potts v. Center for Excellence in Higher Education, Inc*., 908 F.3d 610, 613 (10th

Cir. 2018).  *See also United States ex rel. Little v. Triumph Gear Sys., Inc*., 870 F.3d

1242, 1246 (10th Cir. 2017).

   4. Whether the bankruptcy court abused its discretion in delaying dismissal or
      denying it in violation of binding authority.

**Standard of Review**:   Similar to the above three issues, this issue appears to be a

question as to how to interpret section 1307 of the Bankruptcy Code, and potentially

other Bankruptcy Code sections.  Review of a district court's interpretation of a statute is

*de novo*.  *Potts v. Center for Excellence in Higher Education, Inc*., 908 F.3d 610, 613

(10t Cir. 2018).  *See also United States ex rel. Little v. Triumph Gear Sys., Inc*., 870 F.3d

1242, 1246 (10t Cir. 2017).

   5. Whether the bankruptcy court failed to follow controlling or persuasive case
      law provided by Appellant.

**Standard of Review**:   There is no identification of the caselaw allegedly not followed

by the bankruptcy court.  The Tenth Circuit has held that a party objecting to a judge's

order must be "specific to preserve an issue for de novo review."  *Trujilo v. Social Sec.

Admin*., 2013 WL 1009050 (D.N.M. 2013)(*citing U.S. v. One Parcel*, 73 F.3d 1057, 1060

(10th. Cir. 1996)).  This stated issue on appeal is not specific and therefore not preserved.

   6. Whether the bankruptcy court erred by granting in rem relief after the case had
      been dismissed or was required to be dismissed.

**Standard of Review**:   This issue appears to be a question as to how to interpret section

1307 of the Bankruptcy Code and jurisdictional section of the Bankruptcy Code, and

potentially other Bankruptcy Code sections.  Review of a district court's interpretation of

a statute is *de novo*.  *Potts v. Center for Excellence in Higher Education, Inc*., 908 F.3d

610, 613 (10t Cir. 2018).   *See also United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1246 (10t Cir. 2017).

> 7. Whether the order granting in rem relief and dismissal (Docket Entry 34 was internally inconsistent and contrary to law.

**Standard of Review**:   "When a bankruptcy court's interpretation of its own order Is at issue, the standard of review depends on the nature of the issue being interpreted. When the bankruptcy court addresses a factual issue or interprets an ambiguous order, the reviewing court applies the abuse of discretion standard. But if the order is unambiguous and issue presented is a legal one, the court reviews the decision *de novo.*" *In re C.W. Min. Co.*, 534 B.R. 800, 811 (D. Utah 2015).

> 8. Whether the bankruptcy court failed to cite any legal authority to justify its rulings.

**Standard of Review**:   "When a bankruptcy court's interpretation of its own order Is at issue, the standard of review depends on the nature of the issue being interpreted. When the bankruptcy court addresses a factual issue or interprets an ambiguous order, the reviewing court applies the abuse of discretion standard. But if the order is unambiguous and issue presented is a legal one, the court reviews the decision *de novo.*" *In re C.W. Min. Co.*, 534 B.R. 800, 811 (D. Utah 2015).

## STATEMENT OF THE CASE

Although this bankruptcy case was filed by Mr. Lopez, this case is really simply a dispute between Mr. Darger and Auntie Tut Trust related to the Herriman Property and Auntie Tut's foreclosure of the deed of trust and promissory note recorded against the Herriman Property.  Darger took advantage of the bankruptcy

court's automatic stay to stop Auntie Tut's foreclosure actions on three separate occasions, without seeking any other bankruptcy protection under the Bankruptcy Code. Judge Marker's decision, finding this third bankruptcy case to be filed in bad faith, simply stopped Mr. Darger from filing any other bankruptcies to stay a foreclosure, forcing any disputes over the Herriman Property to be addressed in state court.

This is ultimately a state court matter as stated by Judge Marker. See Appx. at 260-261. Judge Marker granted stay relief related to the Herriman Property, allowing Auntie Tut Trust and Mr. Darger to proceed with their arguments related to the Herriman Property in Utah State Court. There is no case to return to in the Bankruptcy Court and issue or controversy for the Bankruptcy Court to further address. Moreover, Auntie Tut Trust foreclosed on the Herriman Property as neither Mr. Darger nor Mr. Lopez obtained a stay of the order granting in rem relief. As to relief available in bankruptcy court, this case is moot. This appeal should be dismissed on mootness grounds.

## SUMMARY OF THE ARGUMENT

Lopez argues that the Bankruptcy Court lacked jurisdiction to rule on Auntie Tut's motion for in rem relief. Lopez' argument can be boiled down as follows: Lopez is okay with Bankruptcy Code when it provides him a benefit but in the event a ruling is or could be detrimental, he believes he can dismiss the case and avoid the court's jurisdiction over his voluntarily filed case. Lopez provides no caselaw to

support this limited view of the bankruptcy court's jurisdiction over a voluntarily filed bankruptcy case.

Lopez is wrong. As set forth below the bankruptcy court has jurisdiction over stay relief claims, even where the underlying bankruptcy case has been dismissed.

## ARGUMENT

**A. The bankruptcy court had jurisdiction over Auntie Tut Trust's motion for relief from the automatic stay and request for in rem relief, even with the pending ex parte motion filed by the Debtor the day before Auntie Tut's hearing on its motion.**

Lopez argues that the bankruptcy court lacked jurisdiction to address Auntie Tut Trust's motion for relief from the automatic stay and for in rem relief related to the Herriman Property because Lopez possessed an absolute right to dismiss his bankruptcy case at any time. Lopez' absolute right to dismiss his Chapter 13 bankruptcy case is not at issue in this appeal. Auntie Tut agrees, as did the bankruptcy court, that Mr. Lopez can voluntarily dismiss his Chapter 13 case at any time. However, dismissal of the underlying bankruptcy case, even if it had been done immediately by the bankruptcy court, would not have divested the bankruptcy court from jurisdiction to address Auntie Tut Trust's motion related to the automatic stay.

Section 362 of the Bankruptcy Code establishes the automatic stay. "When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court." *Price v. Rochford*, 947 F.2d 829,

831 (7th Cir. 1991). A proceeding or motion under section 362 of the Bankruptcy Code "is a core proceeding because it 'derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case.'" *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Bankruptcy courts retain jurisdiction over core proceedings, even after "the dismissal or closure or the underlying bankruptcy case." *Id*. (*citing Honigman, Miller, Schwartz and Cohn, L.L.P. v. Adell* (*In re John Richards Homes Bldg. Co*.), 405 B.R. 192, 210 (E.D. Mich. 2009)).

Nothing in the Bankruptcy Code mandates dismissal of Auntie Tut's motion for relief from the automatic stay and request for in rem relief when the bankruptcy case is closed. "There is no explicit requirement that a 'case' be open under [28 U.S.C.] § 1334(a) for a court to act in a 'civil proceeding' under §1334(b)." *Id*. (*citing Menk v. Lapaglia (In re Menk), 241 B.R. 896 904 (9th Cir. B.A.P. 1999)*. No part of section 362 of the Bankruptcy Code or 28 U.S.C. 1334(b) suggests that a claim exists only while the bankruptcy case remains pending.

The caselaw and statutory authority are clear, the bankruptcy court has jurisdiction to address automatic stay issues, even after closure of the underlying bankruptcy case.

**B. Even if the bankruptcy court did not have jurisdiction to address Auntie Tut's relief from the stay motion, overturning the order is moot and should not be granted by this court.**

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all states of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997)(citation omitted). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)(citation omitted).

An appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred. For example, in *Koger v. United States*, 755 F. 2d 1094 (4th Cir. 1985), the court dismissed the appeal of a tax lien as moot because the taxpayers paid the deficiency while the appeal was pending, releasing the lien." *Id*. at 1096-97. Courts have dismissed bankruptcy appeals as moot where the bankruptcy court granted a creditor relief from the automatic stay, the debtor failed to obtain a stay of that order pending appeal, and the creditor already conducted a foreclosure sale. *In re Western Pac. Airlines*, 181 F.3d 1191, 1195 (10th Cir. 1999); *In re Egbert Dev. L.L.C.*, 219 B.R. 903, 905 (B.A.P. 10th Cir. 1998); *In re Whatley*, 169 B.R. 698, 701 (D.Colo. 1994).

The immediate case is on all fours with the *In re Egbert Development, LLC* case. In *Egbert Development, LLC*, the Debtor did not obtain a stay related to the relief from the automatic stay relief granted to the creditor. *Id*. at 905. As a result, the creditor conducted a foreclosure sale, terminating the debtor's interests in the

16

property. *Id*. Identical to the I*n re Egbert Dev.* case, neither Lopez nor Darger obtained an order from the bankruptcy court staying the in rem relief granted to Auntie Tut Trust. See the bankruptcy court docket generally at Appx. 1-20. Auntie Tut Trust subsequently foreclosed on the Herriman Property. *See* Auntie Tut's motion to dismiss filed with this court and Exhibit P to that motion showing the Recorded Trustee's Deed from the foreclosure of the Herriman Property on January 24, 2025. *See also* state court docket for Case No. 250901101 in the Third Judicial Court for the State of Utah, Salt Lake County, evicting Mr. Darger from the premises and ultimately ordering the removal of a wrongful lis pendens against the Herriman Property. Similar to the Debtor in *In re Egbert Dev.*, Mr. Lopez (and Mr. Darger) don't have any further interests in the Herriman Property and therefore this appeal is moot.

## CONCLUSION

The bankruptcy court had jurisdiction under 28 U.S.C. 1334 and the Bankruptcy Code generally to issue its opinion related to Auntie Tut's requested relief from the automatic stay. The bankruptcy court's jurisdiction over core matters does not terminate with the dismissal, requested, already completed or pending, of the underlying case. Additionally, this appeal is moot as no stay was put in place related to the bankruptcy court's in rem order terminating the automatic stay as to the Herriman Property. With Auntie Tut Trust's foreclosure of the Herriman Property complete, Lopez has no property interest in the Herriman Property for the bankruptcy court to rule on.

DATED June 23, 2025

Kirton McConkie

/s/ Jeremy C. Sink
Attorneys for creditor Auntie Tut Trust

### Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.      This document complies with the word limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains a total of 4215 words.

2.      This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5), the type-style requirements of Fed. R. Bankr. P. 8015(a)(6), and L.R. 8015- 1(b) because this document has been prepared in a proportionally spaced typeface using plain Times New Roman 13-point font in Microsoft Word.

DATED June 23, 2025.

Kirton McConkie

/s/ Jeremy C. Sink
Attorneys for creditor Auntie Tut Trust

### CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I caused a true and correct copy of the

foregoing **Brief of Appellee Auntie Tut Trust** to be served by filing with the Clerk

of the Court using the CM/ECF system, which sent notification of such filing to the

following

counsel of record.

Pro se – Lorenzo Luciano Lopez:  lorenzolucianolopez@gmail.com

And further certify that a copy was emailed to Johnathan Darger to
jndarger1@gmail.com


/s/ Jeremy C. Sink
*Jeremy C. Sink*