# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE LORENZO LUCIANO LOPEZ, <br><br> Debtor. | BAP No. UT-25-002 |
| LORENZO LUCIANO LOPEZ <br><br> Appellant, <br><br> v. <br><br> LON A. JENKINS, Chapter 13 Trustee, AUNTIE TUT TRUST, <br><br> Appellees. | Bankr. No. 24-26705 <br> Chapter 13 |

## BRIEF OF APPELLEE, LON A. JENKINS, CHAPTER 13 TRUSTEE

Lon A. Jenkins, Esq. USB#4060
Katherine T. Kang, Esq. USB#14457
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Emails: ljenkins@ch13ut.org; kkang@ch13ut.org; utahtrusteemail@ch13ut.org
*Attorneys for Lon A. Jenkins, Chapter 13 Trustee*

# Table of Contents

Caption ..............................................................................................................................1
Table of Contents.................................................................**Error! Bookmark not defined.**
Table of Authorities ............................................................................................................2
Jurisdictional Statement .....................................................................................................3
Statement of Issue ..............................................................................................................3
Standard of Review ............................................................................................................3
Statement of the Case.........................................................................................................3
Summary of the Argument ..................................................**Error! Bookmark not defined.**
Argument............................................................................................................................5
Conclusion ........................................................................................................................10

# Table of Authorities

**Cases**
In re Adelphia Commc'ns Corp., 368 B.R. 140, 254 (Bankr. S.D.N.Y. 2007)……………..….9
In re Barbieri, 199 F.3d 616 (2d Cir. 1999)…………………………………………………….6
In re First Yorkshire Holdings, Inc., 470 B.R. 864 (B.A.P. 9th Cir. 2012)……………...…..8, 9
In re Frontline Med. Servs. LLC, 665 B.R. 818, 826 (10th Cir. BAP 2024)……………...3, 5, 8
In re Jacobsen, 609 F.3d 647 (5th Cir. 2010)……………………………………………..….6
In re Pino, 657 B.R. 264, 269 (10th Cir. BAP 2024)……………………………….…………3
In re Taylor, 737 F.3d 670, 674 (10th Cir. 2013)………………………………………………3

**Rules**
Bankr. D. Ut. LBR 1007-1(a)(2)……………………………………………..……..5, 6 ,7, 10
Fed. R. Bank. P. 9014………………………………………………………………..……..7, 8
Fed R. Civ. P. 52……………………………………………………………………….7, 8, 9

**Statutes**
11 U.S.C § 109(g)……………………………………………………………………5, 6, 10
11 U.S.C. § 362(d)(4)……………………………………………………….…...5, 6, 7 , 8, 9, 10

## Jurisdictional Statement

This appeal arises from an order of the United States Bankruptcy Court for the District of Utah dismissing the Debtor's Chapter 13 case. The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This Court has jurisdiction over this appeal pursuant to 28 U.S.C § 158 and Fed. R. Bank. P. 8006.

## Statement of Issue

There are two issues on appeal:

*First*, whether the Bankruptcy Court abused its discretion when it did not immediately and unconditionally grant the Debtor's Motion for Voluntary Dismissal while there was a pending Motion for Relief under 11 U.S.C. §362(d)(4) filed by Creditor Auntie Tut Trust.

*Second*, whether the factual findings by the Bankruptcy Court were clearly erroneous when granting Auntie Tut Trust's Motion for Relief under 11 U.S.C. §362(d)(4).

## Standard of Review

A bankruptcy court's conclusions of law are reviewed de novo. In re Taylor, 737 F.3d 670, 674 (10th Cir. 2013), *aff'd,* In re Pino, 657 B.R. 264, 269 (10th Cir. BAP 2024). A bankruptcy court's findings of facts are reviewed for clear error. In re Frontline Med. Servs. LLC, 665 B.R. 818, 826 (10th Cir. BAP 2024).

## Statement of the Case

1. Lorenzo Lopez, hereinafter "the Debtor" filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code on December 30, 2024 (the

"Petition Date"). As noted on the Bankruptcy Court's docket on 12/30/2024, the case was hand delivered by a Johnathan Darger (who is not an attorney).

2. The Court sent a notice of deficiency alerting the Debtor to file the List of Creditors, Chapter 13 Statement of Current Monthly and Disposable Income, Declaration/Schedules Signatures, Attorney Compensation Disclosure Statement, Chapter 13 Plan, Summary of Assets and Liabilities, Statement of Financial Affairs and Schedules [Docket Entry No. 4] providing a deadline of January 13, 2025 to submit the documents. Debtor did not cure the deficiency by the January 13, 2025 deadline.

3. On December 31, 2024, Auntie Tut Trust filed a Motion to Dismiss Pursuant to 11 U.S.C. 707 and Motion for Post Bankruptcy Relief from the Automatic Stay. *See* [Docket Entry No. 7]. The hearing on this matter was scheduled for January 14, 2025. The deadline to file an objection was shortened to January 13, 2025. *See* Order at [Docket Entry No. 10].

4. On January 13, 2025 at 8:22 A.M., the Debtor filed an Ex Parte Request for Voluntary Dismissal of the Chapter 13 case without prejudice. [Docket Entry No. 18].

5. On January 13, 2025 at 8:26 A.M. the Debtor filed an Objection to Auntie Tut Trust's Motion to Dismiss Pursuant to 11 U.S.C. 707 and Motion for Post Bankruptcy Relief from the Automatic Stay.

6. The hearing on Auntie Tut Trust's Motion was held on January 14, 2025. The Debtor did not appear at the hearing.

7. On January 14, 2025 at 5:16 PM, the Bankruptcy Court entered the Order granting Auntie Tut Trust's Motion for Post Bankruptcy Relief from the Automatic Stay. [Docket Entry No. 28].

8. On January 14, 2025 at 5:57 PM, the Bankruptcy Court entered the Order Dismissing case with a 180 day lockout. [Docket Entry No. 30].

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court did not err when it did not *immediately* or *unconditionally* dismiss the Debtor's case after he filed a Motion to Voluntarily Dismiss after Auntie Tut Trust filed a Motion for Entry of an Order pursuant to 11 U.S.C. 362(d)(1) and (4). In compliance with Bankr. D. Ut. LBR 1007-1(a)(2), the Motion to dismiss was stayed until after the Bankruptcy Court entered an Order granting Auntie Tut Trust's Motion for in rem relief under § 11 U.S.C. 362(d)(4). The Bankruptcy Court retained proper jurisdiction to hear the merits of Auntie Tut Trust's Motion and made proper findings on the record to support the Order granting in rem relief under § 11 U.S.C. 362(d)(4). Pursuant to 11 U.S.C. §109(g)(2), the dismissal with a 180-day lockout was appropriate because the Debtor obtained voluntary dismissal of the case after a request for relief under 11 U.S.C. § 362 had been filed.

## ARGUMENT

I. **The Bankruptcy Court did not make an error or abuse its discretion when it did not *immediately* or *unconditionally* grant the Debtor's Motion to Voluntarily Dismiss.**

The Court did not abuse its discretion when it did not *immediately* or *unconditionally* dismiss Debtor's bankruptcy case. Abuse of discretion occurs when the trial court "fails to consider the applicable legal standard or the facts and "results in a 'manifestly unreasonable

5

judgment.' In re Frontline Med. Servs. LLC, 665 B.R. 818, 826 (10th Cir. BAP 2024). The plain language of 11 U.S.C. § 1307(b) does not include a provision that requires the Court to *immediately* dismiss a case upon request by a debtor. Additionally, Bankr. D. Ut. LBR 1007-1(a)(2) states that "if there is a pending motion filed by the chapter 13 trustee or a creditor under § 109(g) or §362(d)(4)(a) and/or (b), the case shall remain open until the Court has entered an order granting or denying such motion, or the motion has been withdrawn."

The Appellant argues that the Court failed to *immediately* dismiss the case under 11 U.S.C. § 1307(b) and references In re Jacobsen, 609 F.3d 647 (5th Cir. 2010) and In re Barbieri, 199 F.3d 616 (2d Cir. 1999). The Jacobsen[1] and Barbieri Courts did not rule that there was a specific timeframe upon which a dismissal must be granted; rather the issue discussed in those cases was whether a Chapter 13 debtor had an absolute right to dismissal or if it was qualified by a bad faith exception. The issue of a Chapter 13 debtor's absolute right to dismissal is not at issue in this appeal and in this particular case the Bankruptcy Court granted the Debtor's Motion to Voluntarily Dismiss. As noted in the Order Dismissing Case [Docket Entry No. 30], "this case is DISMISSED at the *Debtor's request*" and that "the Debtor requested and obtained the voluntary dismissal of the case".

Given the fact that Debtor obtained a voluntary dismissal of the case following a request for relief from the automatic stay by Auntie Tut Trust, a 180 day lockout is appropriate pursuant to the plain language of 11 U.S.C. § 109(g)(2).

**II.** **The Court did not abuse its discretion by proceeding with the hearing on Auntie Tut Trust's Motion to Dismiss the Case and Motion for Entry of an Order pursuant to 11 U.S.C. 362(d)(1) and (4)**

---

[1] The Jacobsen Court held that a right to dismiss under 11 U.S.C. § 1307(b) is subject to a limited exception for debtor's bad faith conduct and found the bankruptcy court had discretion to grant a pending motion to convert and deny a bad faith debtor's request for dismissal filed in response to the conversion under §1307(c).

Bankr. D. Ut. LBR 1007-1(a)(2) states that "if there is a pending motion filed by the chapter 13 trustee or a creditor under § 109(g) or § 362(d)(4) (a) and/or (b), the case shall remain open until the Court has entered an order granting or denying such motion, or the motion has been withdrawn." Appellant argues that "once dismissal was triggered, there was no longer a live case", but provides no legal basis for this assertion.

On December 31, 2024, Creditor Auntie Tut Trust filed a Motion to Dismiss the Case and Motion for Entry of an Order pursuant to 11 U.S.C. 362(d)(1) and (4). Auntie Tut Trust did not withdraw its motion prior to the scheduled hearing on January 14, 2025. On January 13, 2025, the Debtor filed an Objection to Auntie Tut's Motion. As stated in the Notice of Hearing [Docket Entry No. 11] of Auntie Tut Trust's Motion, "if you do not want the Court to grant the relief requested in the Motion, or you want the Court to consider your view" then an objection needs to be filed on or before the objection deadline of January 13, 2025. The Debtor objected to Auntie Tut Trust's Motion after he filed the Ex Parte Motion to Dismiss on January 13, 2025. Through the filing of an Objection, the hearing was activated on the Court's Calendar. Debtor did not attend the hearing. The Bankruptcy Court did not enter the Order Dismissing Case with prejudice [Docket Entry No. 30] until after the Order granting Auntie Tut's Motion [Docket Entry No. 28] had been entered.

Appellant states that the bankruptcy court ruling on contested matters after a request for dismissal has been filed amounts to an abuse of discretion citing In re Casillas, 358 B.R. 241 (Bankr. N.D. Tex. 2006), **a case which does not appear to exist.**

The Court did not abuse its discretion and was in compliance with Bankr. D. Ut. LBR 1007-1(a)(2) when it did not dismiss the case until after an order was entered granting Auntie Tut Trust's Motion for relief under 11 U.S.C. § 362(d)(4).

### III. The Bankruptcy Court's findings of fact on the record, in compliance with Fed. R. Civ. P. 52(a)(1) and FRBP 9014, were not clearly erroneous and supported granting Auntie Tut Trust's Motion for *in rem* relief.

The Bankruptcy Court's factual findings are reviewed for clear error. A finding of fact is clearly erroneous if it lacks factual support in the record, or if the reviewing court, in light of all evidence, is left with the "definite and firm conviction that a mistake has been made." In re Frontline Med. Servs. LLC, 665 B.R. 818, 826 (10th Cir. BAP 2024).

Appellant alleges that the "in rem" order lacked required findings under §362(d)(4) and references In re First Yorkshire Holdings, Inc., 470 B.R. 864 (B.A.P. 9th Cir. 2012). A motion for relief from stay is a contested matter under Fed. R. Bankr. P. 9014 subject to Fed R. Civ. P. 52. Pursuant to Fed. R. Civ. P. 52(a)(1),"the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence." As noted in the Transcript [Docket Entry No. 65] on the hearing of Auntie Tut Trust's Motion, which has been available to Appellant, the Court addressed each element under §362(d)(4) on the record when granting "in rem" relief to Creditor Auntie Tut. Appellant's failure to appear at the hearing on Auntie Tut Trust's Motion for Relief or to review the available record in the underlying bankruptcy case is no defense.

In this case, the Bankruptcy Court took judicial notice of the two prior cases filed by Mr. Darger that directly involved the real property located at 13887 South Lamont Lowell Circle, Herriman, Utah. Mr. Darger had filed two (2) bankruptcy cases in the District of Utah (Cases Nos. 24-20354 and 24-22721) within a twelve (12) month period and would not have protection of the automatic stay under 11 U.S.C. § 362(c) with a third filing. Approximately thirty (30) minutes before Mr. Lopez's bankruptcy case was filed, Mr. Darger, as manager of Ultimate Enterprise, LLC, quitclaimed its interest to both itself and Appellant Mr. Lopez. As noted on the

Bankruptcy Court's docket on December 30, 2024, Mr. Lopez's bankruptcy filing was hand delivered by Mr. Darger. In all three cases, the cases were filed with deficiencies and filed prior to a scheduled foreclosure sale by Auntie Tut Trust. The Court found that the instant case was filed as part of a scheme involving multiple bankruptcy filings to at least hinder or delay creditors, including Auntie Tut Trust.

This case is distinguishable from Yorkshire because the factual findings to support granting relief under §362(d)(4) were made on the record in the underlying bankruptcy case. In Yorkshire, the bankruptcy court tentatively ruled that "although inclined to grant relief under §362(d)(4)…[it] did not articulate the basis for that inclination" and ultimately declined granting relief under §362(d)(4) at the hearing. 470 B.R. 864, 867. However, the Stay Relief Order issued by the same court granted relief under §362(d)(4) without providing additional factual findings to support such relief. Id. at 871. Appellant asserts that the "defects require reversal", which is not the ruling in Yorkshire, which remanded the matter back to bankruptcy court to make the requisite factual findings to support granting in rem relief under §362(d)(4).

The Appellant further argues that neither oral rulings nor written orders cited any authority and refers to In re Adelphia Commc'ns Corp., 368 B.R. 140, 254 (Bankr. S.D.N.Y. 2007). The Adelphia decision appears to involve the confirmation of a Chapter 11 case and appears wholly unrelated to the instant case.[2]

As stated above, the Court made findings of facts on the record to support its Order granting relief under §362(d)(4). The Court complied with Fed R. Civ. P. 52 and made proper findings on the record so that this Court could readily determine that granting relief under §362(d)(4) was not in clear error.

---

[2] The specific page number referenced by Appellant appears to deal with liquidation of a stock and other issues associated with a Chapter 7 liquidation.

# **CONCLUSION**

The Bankruptcy Court did not err or abuse its discretion when it did not *immediately* or *unconditionally* grant the Debtor's Motion to voluntarily dismiss his case. There is no requirement under 11 U.S.C. § 1307(b) that the Court dismiss the Debtor's bankruptcy case prior to the hearing on Auntie Tut Trust's Motion to Dismiss the Case and Motion for Entry of an Order pursuant to 11 U.S.C. §362(d)(1) and (4). The Bankruptcy Court also complied with Bankr. D. Ut. LBR 1007-1(a)(2), which stayed the entry of the dismissal order until after the Court granted Auntie Tut Trust's Motion for relief under §362(d)(4). Since the Debtor obtained voluntary dismissal after the filing of Auntie Tut Trust's Request for relief under 11 U.S.C. § 362, dismissal with a 180 day lockout is consistent with 11 U.S.C. 109(g)(2). Appellee requests that this Court affirm the Bankruptcy Court's ruling and uphold the Orders granting Auntie Tut Trust's Motion for in rem relief pursuant to 11 U.S.C. §362(d)(4) and the Dismissal Order with the 180 day lockout.

DATED June 26, 2025

/s/Katherine T. Kang
Katherine T. Kang, Esq. USB#14457
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
(801) 596-2884
kkang@ch13ut.org

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,341 total words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using plain Times New Roman 12-point font in Microsoft Word.

/s/Katherine T. Kang
Katherine T. Kang, Esq. USB#14457
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
(801) 596-2884
kkang@ch13ut.org

## Certificate of Service

I, Katherine T. Kang, hereby certify that on June 26, 2025, I served copies of the *Brief of Appellee Lon A. Jenkins, Chapter 13 Trustee* on the following person(s) by way of:

Lorenzo Luciano Lopez
13887 Lamont Lowell Circle
Herriman, UT 84096
(U.S. Mail)

Lorenzo Luciano Lopez
647 North 900 West
Salt Lake City, UT 84116
(U.S. Mail)

Jeremy C. Sink
KIRTON MCCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Attorney for Auntie Tut Trust
(CM/ECF)

/s/Katherine T. Kang
Katherine T. Kang, Esq. USB#14457
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
(801) 596-2884
kkang@ch13ut.org